J-S57038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER HOLMES, | : | |
| | : | |
| Appellant | : | No. 2313 EDA 2017 |

Appeal from the PCRA Order June 21, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004571-2011

BEFORE:    PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 04, 2018**

Christopher Holmes (Appellant) appeals from the June 21, 2017 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Also before us is an application to withdraw filed by Appellant's counsel and a no-merit brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   We affirm the order dismissing the petition and grant counsel's application to withdraw.

We provide the following background.  In October 2012, a jury convicted Appellant of burglary, conspiracy to commit burglary, criminal trespass, and theft by unlawful taking or disposition.  On January 3, 2013, Appellant was sentenced to an aggregate term of 13 to 30 years of incarceration.  On May

*Retired Senior Judge assigned to the Superior Court.

8, 2014, this Court affirmed his judgment of sentence. ***Commonwealth v. Holmes***, 104 A.3d 41 (Pa. Super. 2014) (unpublished memorandum).

On June 27, 2014, Appellant filed a petition for leave to file *nunc pro tunc* a petition for allowance of appeal with our Supreme Court at docket number 100 MM 2014. On September 3, 2014, our Supreme Court granted Appellant permission to do so, provided he file his petition for allowance of appeal within 48 hours of the Supreme Court's order. Appellant failed to do so. On September 27, 2014, Appellant filed a praecipe to discontinue, requesting withdrawal of his appeal.[1]

On September 16, 2015, Appellant *pro se* filed a PCRA petition. On October 7, 2015, the PCRA court appointed Attorney Robert Brendza to represent Appellant, and Appellant filed an amended PCRA petition on September 7, 2016.[2] On October 21, 2016, the Commonwealth filed its answer thereto, arguing that Appellant's petition be dismissed as untimely filed. On November 1, 2016, the PCRA court ordered Appellant to file a response/brief to the Commonwealth's answer. On November 29, 2016, Attorney Brendza filed a letter with the PCRA court, explaining that he had

---

[1] While Appellant labeled this as a request to withdraw his appeal, docket number 100 MM 2014 of the Pennsylvania Supreme Court does not contain any entry indicating that Appellant ever filed a petition for allowance of appeal. Further, a comment in the September 27, 2014 entry for the praecipe to discontinue indicates "Pursuant to the Praecipe to Discontinue[,] a Petition for Allowance of Appeal will not be filed." Docket Number 100 MM 2014.

[2] The record does not indicate the reason for the delay in filing the amended petition.

since learned that Appellant had never filed a petition for allowance of appeal with the Pennsylvania Supreme Court, and thus, acknowledged that Appellant's PCRA petition was untimely filed. On January 24, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 informing Appellant that it planned to dismiss his petition without a hearing.[3] Although Appellant was represented by counsel,[4] Appellant *pro se* filed a response, claiming that he had filed a petition for allowance of appeal with our Supreme Court. On April 27, 2017, the PCRA court, upon review of the record, "determined that there [was] a genuine issue concerning whether or not [Appellant] filed and/or perfected an appeal to the Pennsylvania Supreme Court" and ordered an evidentiary hearing. Order, 4/27/2017, at 1. Such hearing was held on June 19, 2017, at which Appellant and his counsel appeared. On June 21, 2017, the PCRA court dismissed Appellant's PCRA petition as untimely filed.

Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed. The PCRA court complied with Pa.R.A.P. 1925(a) by directing us to its June 21, 2017 order. Thereafter, counsel sought from this Court leave to withdraw his representation of

---

[3] The PCRA court issued what it termed an "Order/Notice" wherein it dismissed Appellant's PCRA petition as untimely filed, but also advised Appellant of its intention to dismiss the petition without further proceedings pursuant to Pa.R.Crim.P. 907. Order/Notice, 1/24/2017.

[4] By PCRA court order filed February 14, 2017, Attorney C. Curtis Norcini succeeded Attoreny Brendza in representing Appellant.

- 3 -

Appellant pursuant to **Turner**/**Finley**. On November 7, 2018, Appellant filed a response to counsel's request to withdraw, claiming appellate counsel was ineffective in failing to file a petition for allowance of appeal with our Supreme Court and PCRA counsel was ineffective in failing to raise appellate counsel's ineffectiveness, and arguing that he had until September 30, 2015 to timely file his PCRA petition.

Before we may address the potential merit of Appellant's petition, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

> … **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to

withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. However, before we may consider the merits, we must first determine whether Appellant timely filed his PCRA petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, we agree with the PCRA court's determination that Appellant failed to file timely his PCRA petition.

[Appellant] was sentenced on January 4, 2013. He filed an appeal to the Superior Court. On May 8, 2014, the Superior [C]ourt affirmed the conviction and sentence. On June 10, 2014, [Appellant] attempted to file a petition for allowance of appeal with the Pennsylvania Supreme Court, but said court rejected the filing because it was untimely filed.[5] On June 27, 2014, [Appellant] filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc*. On September 3, 2014, the Supreme Court granted the petition, but [Appellant] failed to file a petition for allowance of appeal. Therefore, an appeal to the Pennsylvania Supreme Court was not perfected.

Pennsylvania courts are clear that an untimely filed appeal does not modify or extend the one-year period for filing a PCRA petition. **See Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008); [] **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000).

Since an appeal was not perfected, [Appellant']s judgment of sentence became final on June 8, 2014[6] and [Appellant's] PCRA petition needed to be filed by June 8, 2015[7] in order to be

---

[5] It appears that Appellant filed a petition for allowance of appeal that was docketed on June 13, 2014, at Pennsylvania Supreme Court docket number 355 MT 2014. There are no other entries on said docket and the docket does not indicate the disposition of said petition. Nonetheless, as discussed *infra*, said petition was untimely filed as Appellant had until June 9, 2014, to file a petition for allowance of appeal with our Supreme Court. Appellant concedes said petition was untimely filed. **See** Appellant's Response to Counsel's Application to Withdraw, 11/7/2018, at 5.

[6] Thirty days from this Court's May 8, 2014 memorandum affirming Appellant's judgment of sentence was June 7, 2014. Because that date fell on a Saturday, Appellant had until June 9, 2014 to file a petition for allowance of appeal with our Supreme Court. **See** 1 Pa.C.S. § 1908. Because Appellant did not timely file a petition for allowance of appeal, nor did he file a petition for allowance of appeal after our Supreme Court granted him leave to so file *nunc pro tunc*, his judgment of sentence became final on June 9, 2014. This does not alter our disposition, as Appellant's PCRA petition was filed more than one year after June 9, 2014.

[7] As explained, *supra*, Appellant had until June 9, 2015 to file his PCRA petition.

timely. [Appellant's] PCRA petition was filed September 16, 2015. Accordingly, it is untimely.

PCRA Court Order, 6/21/2017, at 1-2, n.1 (unnecessary capitalization omitted). Our review of the certified record confirms the PCRA court's determination. Thus, Appellant's September 16, 2015 PCRA petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.[8] Because Appellant failed to do so, the PCRA court lacked jurisdiction to entertain Appellant's untimely-filed petition. **See Leggett**, 16 A.3d at 1145.

Based on the foregoing, Appellant is not entitled to relief. We therefore affirm the order dismissing the PCRA petition and grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/18

---

[8] **See** 42 Pa.C.S. § 9545(b)(1)(i-iii).